IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CARLOS JOHNSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| NCB MANAGEMENT SERVICES, INC, | ) | |
| and APRIL KELLER | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 27 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"), and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here and Defendants transact business here.

## PARTIES

4. Plaintiff Carlos Johnson (hereinafter "Mr. Johnson" or "Plaintiff") is a natural person who resides in Sevier County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCB Management Services, Inc. ("Defendant NCB") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit corporation organized in Pennsylvania, and may be served through its agent for service of process as follows: One Allied Drive, Trevose, PA 19053.

6. Defendant April Keller ("Defendant Keller") is a natural person who is an employee and/or agent of Defendant NCB, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at her business address of 6501 Arlington Expressway, Suite A201, Jacksonville, FL 32211, or her home address.

## FACTUAL ALLEGATIONS

7. Mr. Johnson incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes, and that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5), namely, a deficiency balance owed on a 2008 Dodge Caliber that was repossessed and/or voluntarily surrendered to TD Auto Finance.

8. Sometime after January 6, 2012, Mr. Johnson's debt was consigned, placed or otherwise transferred to Defendant NCB for collection from him.

2
Case 3:12-cv-00595-TAV-HBG   Document 1   Filed 11/15/12   Page 2 of 14   PageID #: 2

9. On or about August 23, 2012, Steve Halstead, Jr. (Plaintiff's son-in-law "Mr. Halstead") and his father received a telephone call on there cellular telephones from a female who identified herself as April Keller who stated that she was calling from the office of Defendant NCB.

10. Following these calls, Mr. Johnson called Defendant Keller and informed her not to call his family members.

11. Defendant Keller or NCB again called Steve Halstead Jr.'s cellular telephone on at least one occasion, September 10, 2012, while he was at work.

12. Defendant Keller and/or NCB continually and repeatedly called Mr. Johnson's cellular telephone. These calls transpired on at least fifteen occasions: August 31, 2012 (twice); September 4, 2012; September 10, 2012; September 11, 2012; September 13, 2012; September 19, 2012; September 22, 2012; September 24, 2012; September 28, 2012; October 1, 2012; October 5, 2012; October 8, 2012; October 16, 2012; and October 19, 2012.

13. Finally, at the request of Plaintiff, Mr. Johnson's daughter, Carolyn Halstead ("Mrs. Halstead") called Defendant Keller and asked that she stop calling her dad and to use mail instead.

14. This conversation became a "communication" and a "collection call when Defendant Keller asked Carolyn Halstead to have her father send $2,739.00 in four monthly payments.

### Collection Calls to Plaintiff's Cellular Telephone in Violation of the TCPA

15. Within the four years prior to the filing of this Complaint, Mr. Johnson received telephone calls on his cellular telephone from telephone number 215-244-4200 and other telephone numbers owned by or that have been assigned to Defendant NCB for receiving and/or placing telephone calls.

16. After Mr. Johnson's initial telephone call from Defendant Keller in August 2012, when Mr. Johnson received a telephone call from the 215-244-4200 number he would not answer the telephone call, resulting in Defendant NCB hanging up or leaving a message on his voice mail, or he would push a button on his cellular telephone to ignore the call and send the call to voice mail.

17. When Defendants reached Plaintiff's voice mail, they would normally leave the following similar or identical message: "Yeah, this message is for Carlos Johnson. This is April Keller. Please call me today. The number here is 800-828-1110. My extension is 1722 thank you."

18. Defendant NCB used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (b)(1)(A) to place numerous telephone calls to Plaintiff's cellular telephones from approximately August 2012 to approximately October 2012.

19. Plaintiff did not acquire the cellular telephone with the number being called by Defendant NCB until September 2011.

20. The telephone number Defendant NCB called was assigned to a cellular telephone service for which Plaintiff incurs a charge for all incoming calls as is mentioned in 47 U.S.C. § 227 (b)(1)(A)(iii).

21. Each automated call placed by Defendant NCB to the Plaintiffs cellular telephones constituted a call that was not for "emergency purposes" as defined by 47 U.S.C § 227 (b)(1)(A).

22. Plaintiff did not expressly consent to Defendant NCB's placement of telephone calls to his cellular telephone pursuant to 47 U.S.C. § 227 (b)(1)(A).

23. Defendant NCB had knowledge that Plaintiffs did not want these collection calls placed to their cellular telephones, yet Defendant NCB still chose to call Plaintiffs' cellular telephones.

24. Therefore, Defendants' actions constitute willful violations of the TCPA.

### *Collection Calls to Plaintiff's Cellular Telephone in Violation of the FDCPA*

25. Within the year prior to the filing of this Complaint, the Defendants made numerous telephone calls to Plaintiff's cellular telephone and left voice messages as more specifically set forth above.

26. Each of the telephone calls made by Defendants to Plaintiff during the past year was a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Each of the collection calls made by Defendants to Plaintiff during the past year was a subsequent communication from Defendants to Plaintiff in connection with the collection of the debt.

28. During each of the collection calls made by Defendants to Plaintiff's cellular telephone during the past year, Defendants failed to make a meaningful disclosure of its identity, in violation of 15 U.S.C. § 1692d(6).

29. During each of the collection calls made by Defendants to Plaintiff's cellular telephone during the past year, Defendants failed to disclose that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11), and failure to disclose that the communication is from a debt collector was a deceptive and misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

30. Defendants engaged in prohibited conduct, the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, in violation of 15 U.S.C. §§ 1692b, 1692c, and 1692d.

31. Through this conduct and the Defendants caused a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, in violation of 15 U.S.C. § 1692d(5).

*Collection Calls to Steve Halstead, Jr. and Discussions with Third Parties*

32. The FDCPA bars debt collectors from communicating with third parties other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, except under certain very limited circumstances enumerated by statute, i.e., acquiring the consumer's "location information". 15 U.S.C. §§ 1692a(7), 1692c(b).

33. 15 U.S.C. § 1692a(7) defines the term "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment."

34. 15 U.S.C. § 1692b(1) and (3) provide that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

    (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;...

    (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;..."

35. Within the year prior to the filing of this Complaint, Defendants made collection calls to the cellular telephone of Mr. Halstead in connection with collection of the debt.

36. Each of the collection calls made by Defendants to Mr. Halstead's cellular telephone during the past year was made with the knowledge that Plaintiff Mr. Johnson did not want these collection calls placed to his family members.

37. Each collection call made by Defendants to Mr. Halstead within the year prior to the filing of this Complaint was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of a debt.

38. During each of the collection calls, Defendants did not ask Mr. Halstead where Plaintiff lived.

39. Defendant Keller discussed Plaintiff's alleged debt with Mrs. Halstead as more specifically described above.

40. Before Defendants made the collection calls to Mr. Halstead or had the discussion with Mrs. Halstead, Mr. Johnson had not given prior consent directly to the Defendants for them to communicate with any third party in connection with the collection of this debt.

41. Defendants communicated with a third party in connection with collection of a debt and for purposes other than to acquire "location information" about the Plaintiff, in violation of 15 U.S.C. § 1692b(1).

42. Defendants communicated with a third party in connection with the collection of a debt, without Plaintiff's prior consent being given directly to Defendants, without the express permission of a court of competent jurisdiction, and not as reasonably necessary to effectuate a postjudgment judicial remedy, in violation of 15 U.S.C. § 1692c(b).

### Summary

43. The above-detailed conduct by these Defendants in an effort to collect the alleged debt violated numerous and multiple provisions of the FDCPA and TCPA, including, but not limited to, the above-cited provisions of the FDCPA and TCPA, and was an invasion of Plaintiff's privacy by a revelation of private financial information to third parties and an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

8

Case 3:12-cv-00595-TAV-HBG   Document 1   Filed 11/15/12   Page 8 of 14   PageID #: 8

44. Plaintiff has suffered actual damages as a result of this illegal collection communication by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, as well as suffering from unjustified and abusive invasions of personal privacy.

*Respondeat Superior Liability*

45. Defendant Keller and the other debt collectors employed as agents by Defendant NCB who communicated with Plaintiff and third parties committed the acts and omissions described above within the time and space limits of their agency relationship with their principal, Defendant NCB.

46. The acts and omissions by Defendant Keller and the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NCB in collecting consumer debts.

47. By committing these acts and omissions against Plaintiff, Defendant Keller, and the other debt collectors were motivated to benefit their principal, Defendant NCB.

48. Defendant NCB is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employees including, but not limited to, violations of the FDCPA and TCPA as well as invasion of Plaintiff's privacy by a revelation of private financial information to third parties and an intrusion upon seclusion in their attempts to collect this debt from Plaintiff.

## IV. TRIAL BY JURY

49. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

9
Case 3:12-cv-00595-TAV-HBG   Document 1   Filed 11/15/12   Page 9 of 14   PageID #: 9

## VI. CAUSES OF ACTION

### COUNT I.

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227 et seq.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple negligent violations of the TCPA including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

52. As a result of each and every Defendant's negligent violations of 47 U.S.C. §§ 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

### COUNT II.

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227 et seq.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

55. As a result of each and every Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

56. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

57. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of 15 U.S.C. §§ 1692 *et seq.*

58. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial by a jury; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### NEGLIGENT VIOLATIONS OF

### THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227 et seq.

- for an award of statutory damages of $500.00, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

### COUNT II.

### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227 et seq.

- for an award of treble damages, as provided by statute, up to $1,500.00, for each and every willful and/or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

### COUNT III.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant in an amount to be determined at trial by a jury, and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper.

11/15/12

Respectfully submitted,

**CARLOS JOHNSON**

_____
Brent S. Snyder, BPR #021700
Attorney for Plaintiff
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmai.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF SEVIER )

Plaintiff Carlos Johnson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read or have had read to me the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants(s), cause unnecessary delay to any Defendants(s), or create a needless increase in the cost of litigation to any Defendants(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Date: 11/14/2012        By: _____
                            Carlos Johnson  TN D 120951505
                                            5/28/47  10/24/2011

Subscribed and sworn to before me this 14TH day of NOVEMBER, 2012.

_____
Notary Public  MCE: 10/21/2014

[Notary Seal: CHRISTINE L. WILLIAMS, STATE OF TENNESSEE, NOTARY PUBLIC, SEVIER COUNTY]